FILED
JAMES BONINI
CLERK

07 SEP 27 AM 11: 54

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAS9 DIV. COLUMBUS

# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OHIO
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SIDNEY S. HAMILTON | : | JUDGE: 2:07 cv 979 |
| PLAINTIFF, | : | Case No. **JUDGE SMITH** |
| vs. | : | CIVIL **MAGISTRATE JUDGE KING** |
| REGINALD WILKINS<br>TERRY COLLINS<br>DIRECTOR,<br>1050 Freeway Drive, North<br>Columbus, Ohio 43229 | :<br>:<br>: | COMPAINT -(Verified)<br>(Affidavit attached)<br><br>**PERSONAL AND OFFICAL<br>CAPACITY, WITH JURY DEMAND** |
| and | | |
| MS. MARGARETTE GHEE<br>CYNTHIA MAUSSER<br>CHAIRPERSON<br>1050 Freeway Drive, North<br>Columbus, Ohio 433229 | :<br>:<br>: | **Complaint for Interference and<br>Violation Civil Rights** |
| and | : | |
| JACK LITTLEFIELD<br>MELVIN MORGAN<br>1050 Freeway Drive, North<br>Columbus, Ohio 43229 | :<br>: | **DECLARATORY JUDGMENT,<br>INJUNCTIVE RELIEF, AND<br>HEARING REQUESTED** |
| and | : | |
| DEE AMES<br>CYNTHIA HURST<br>1050 Freeway Drive, North<br>Columbus, Ohio 43229<br>and | :<br>: | |
| JOHN/JANE DOES (Unknown Parole<br>Board Members, Dept, of Rehabilitation<br>and Corrections or other Officials x 100),<br>DEFENDANTS. | :<br>: | |

DEFENDANTS.                :

**INTRODUCTION**

1]      This is a civil action for declaratory judgment, injunctive relief, and money damages, to redress the <u>accumulative</u> <u>continuing</u> deprivation of rights secured by Article I,§10, and the First, Fourth, Five, Eighth, Thirteenth, and Fourteenth Amendment to the United States Constitution, being the actions herein are violative of the Civil Rights Act of 1871, Rev. Stat. §1979, as amended to Title 42 U.S.C. §1983.

2]      Plaintiff Hamilton's Affidavit is Attached.

**JURISDICTION**

3]      Jurisdiction is conferred on this Court by 28 U.S.C. 1331, 1343, 2201, 2202, and Rule 57, F.R.C.P.

**VENUE**

4]      This Court has proper venue since the actions complained of herein have occurred in Franklin, Ohio, in this District.

**UNDER COLOR OF STATE LAW**

5]      Each Defendant named herein, or who will be named later, have acted, during all times relevant to this Complaint, under color of Ohio Law, unless otherwise stated.

**PARTIES**

6]      Plaintiff, Sidney S. Hamilton, Inst. Ser. No. A279-917, Plaintiff herein, is and was at all material times to this action, defendant <u>pro se</u> in the matter of State of Ohio vs. Sidney S. Hamilton, Franklin County Common Pleas Case No. 93CR-02-1062. and who is under a questionably unlawful criminal sentence, remaining under to supervisory control of the Director for the Department of Rehabilitation and Corrections and the Ohio

2

Adult Parole Authority.

7]     The Defendant, Terry Collins, is the Director for the Department of Rehabilitation and Corrections (ODRC), and Reginald Wilkerson, Former Director, the Central Office of the Ohio Adult Parole Authority (OAPA), is located in Columbus, Ohio, County of Franklin, and he regularly conducts business in Franklin County, Ohio, through his/their duties.

8]     The Defendant, Cynthia Mausser, is the Chairperson for the Ohio Adult Parole Authority(OAPA), and Margarette Ghee, Former Director, the Central Office of the OAPA, is located in Columbus, Ohio, County of Franklin, and he regularly conducts business in Franklin County, Ohio, through her/their his duties.

9]     The Defendant, Warden Jack Littlefield, is/was Warden of Orient Correctional Institution, hired by the Department of Rehabilitation and Correction located in Columbus, Ohio, County of Franklin, and he regularly conduct(s) business in Pickaway and Franklin County, Ohio, through her/their his duties, among other county as assigned.

10]     The Defendant, Melvin Morgan, is/was employed by the Ohio Adult Parole Authority(OAPA), located in Columbus, Ohio, County of Franklin, and he regularly conducts business in Pickaway and Franklin County, Ohio, through her/their his duties.

12]     The Defendant (s), John Does, employed by the Department of Rehabilitation and Correction (ODRC) directly or indirectly, Ohio Adult Parole Authority(OAPA), or other State Officials, who are unknown at this time, by identity.

## CAPACITY OF THE PARTIES

13]     The Defendants are all being sued in **both** their officials and individual capacities. The Defendants are sued in their official capacities for declaratory judgment and

3

injunctive relief, and they are being sued in their individual capacities for damages.

14]    The Defendants, Massuer, Ghee, Morgan, Howard, Monteau, and the Unknown Defendants, will be sued for only those actions to which they personally participated in, and they are not sued under any respondent superior doctrines.

15]    The Defendants, Collins, Wilkerson, Walter Huff, and the Unknown Defendants, will be sued for only those actions to which they personally participated in, and they are sued including respondent superior doctrines.

**FACTS**

### THE ACTIONS OF DEFENDANT WILKERSON AND COLLINS MAKE THEM PERSONALLY LIABLE FOR VIOLATING THE CONSTITUTIONAL RIGHTS OF PLAINTIFF HAMITLON

16]    Defendant Wilkerson and Collins have acted as Director of the ODRC and OAPA, and has implemented a policy, personally which discriminates against Plaintiff Hamilton, in such a manner that would be prohibited by the United States Constitution's First, Fourth, Five, Eighth, Thirteenth, and Fourteenth Amendment.

17]    Plaintiff Hamilton is wrongfully convicted of attempted rape and GSI, through failure of the Common Pleas Court to assume proper jurisdiction.

18]    Plaintiff Hamilton is under an unlawful plea agreement/contract, violating clearly established law.

19]    The Department of Rehabilitation and Correction is an administrative department in the executive branch of the State of Ohio, with full knowledge of the lack of jurisdiction by the common pleas court.

20]    The Department of Rehabilitation and Correction are bound to plea agreements

4

and contracts made on the behalf of the State of Ohio.

21] Defendant Wilkerson and Collins have implemented a policy, personally which discriminates against wrongfully convicted convicts, which prohibits redress, promoting unlawful restraint.

22] Defendant Wilkerson and Collins have failed to implemented policies, which protect the rights of wrongfully convicted convicts, which allow redress, preventing unlawful restraint.

23] Defendant Wilkerson and Collins have failed or refused to release the Plaintiff from his unlawful parole stemming for his unlawful detainment despite the many attempts made by the plaintiff to correct his record, including: affidavits, certified court documents, docketing sheets, informal complaints, and grievance procedures.

24] Defendant Wilkerson and Collins have failed or refused to implement policies to protect convicts who plead an "Alford Plea," such as the Plaintiff, from being pressured and/or forced to admit their alleged crime before being released from the OAPA, through the use of sex counseling programs contracted by the OAPA.

25] Defendant Wilkerson and Collins have failed or refused to implement policies to protect Plaintiff Hamilton from financial losses incurred through and by sanctioned to participation in sex counseling programs, both contractual and non-contractual, such as, but not limited to: 1) $213.50 payment for a polygraph test, which was never taken; 2) continuous $25 dollars weekly payments, current and lasting over a two year period, being told he will not be released from the OAPA until he admits his alleged crime. 3) travel expense, and 4) losses due to having leave work early for programming. Refusal to pay will be considered refusal of treatment amounting to jail time and/or being sent back

to prison.

26] Plaintiff Hamilton served more than ten days in jail for false accusations of denial of treatment. known to be false by the OAPA, upheld as true, and threaten to accept and obey the adverse sanction decision.

27] Defendant Wilkerson has failed or refused to protect Plaintiff Hamilton from a wrongful Class II Rule 19 violation ticket received at Orient Correctional Institution. Despite the many attempts made by the plaintiff to correct his record, through the appeal process and grievance procedure, completely denying every attempt made by Plaintiff Hamilton, until full six months were serve and Plaintiff enlisted outside assistance in from the Columbus Urban League Otha Meadows, Director.

28] Defendant Wilkerson failed or refused to protect Plaintiff Hamilton, through policies and procedures, from the OAPA systematically, departure from parole guideline from category 8 (serving 60-84 months) to category 9 (serving 84-102 months). Plaintiff Hamilton institution record is clear of any wrong doing.

29] Defendant Wilkerson and Collins have acted with "deliberate indifference," through acts describe in paragraphs 1 through 110.

30] Defendant Wilkerson and Collins among those incorporated in paragraphs one through one hundred and nine has acted with "civil conspiracy."

31] Under Defendant's Wilkerson and Collins policy, Plaintiff Hamilton is subjected to involuntary servitude.

### THE ACTIONS OF DEFENDANT LITTLEFIELD MAKE HIM PERSONALLY LIABLE FOR VIOLATING THE CONSTITUTIONAL RIGHTS OF PLAINTIFF HAMITLON

32] Defendant Littlefield acted as Warden at Orient Correctional Institution in Pickaway, Ohio, implemented a policy, personally which discriminates against Plaintiff Hamilton, in such a manner that would be prohibited by the United States Constitution's First, Fourth Five, Eighth, Thirteenth, and Fourteenth Amendment.

33] Defendant Littlefield has failed or refused to protect Plaintiff Hamilton from the results of a wrongful Class II Rule 19 violation ticket received at Orient Correctional Institution. Despite the many attempts made by the plaintiff to correct his record, through the appeal process and grievance procedure, completely denying every attempt made by Plaintiff Hamilton.

34] Defendant Littlefield and Unknown Defendants, conspired against Plaintiff Hamilton, after instructing Plaintiff Hamilton to prepare a will for Inmate Lamb, and filing said will making it official, then accusing Plaintiff Hamilton of trying to extort Inmate Lamb.

35] Defendant Littlefield and Unknown Defendants, conspired against Plaintiff Hamilton, by continually placing the same individuals who instructed Plaintiff Hamilton to prepare the will on the review board to decide the fate of Plaintiff Hamilton, who found him guilty every time, placing him in security control for more than six months, raising Plaintiff Hamilton from a medium to a max security level, with full knowledge that he had done only as instructed by the institution.

36] Defendant Littlefield and Unknown Defendants have acted with "deliberate indifference," through acts describe in paragraphs 36 through 47.

37] Defendant Littlefield and Unknown Defendants including other members of the ODRC have acted with "civil conspiracy."

7

38]   Defendant Littlefield and Unknown Defendants policy, Plaintiff Hamilton is subjected to involuntary servitude.

### THE ACTIONS OF DEFENDANT GHEE AND MAUSSER MAKE THEM PERSONALLY LIABLE FOR VIOLATING THE CONSTITUTIONAL RIGHTS OF PLAINTIFF HAMITLON

39]   Defendant Ghee and Mausser have acted as Chairman of the OAPA, and has implemented a policy, personally which discriminates against wrongfully convicted convicts, in such a manner that would be prohibited by the United States Constitution's First, Fourth Five, Eighth, Thirteenth, and Fourteenth Amendment

40]   Defendant Ghee and Mausser have implemented a policy, personally which discriminates against Plaintiff Hamilton, which prohibits redress, promoting unlawful restraint.

41]   Defendant Ghee and Mausser have failed to implemented policy, which protect the rights of Plaintiff Hamilton, which allow redress, preventing unlawful restraint.

42]   Defendant Ghee and Mausser have failed or refused to release the Plaintiff from his unlawful detainment despite the many attempts made by the plaintiff to correct his record, including: affidavits, certified court documents, docketing sheets, informal complaints, and grievance procedures.

43]   Defendant Ghee and Mausser have failed or refused to implement policies to protect convicts who plead an "Alford Plea," such as the Plaintiff, from being pressured and/or forced to admit their alleged crime before being released from the OAPA, which is not a part of the original plea agreement/contract.

44]   Defendant Ghee and Mausser have failed or refused to implement policies to protect Plaintiff Hamilton from financial losses incurred through and by sanctioned to