# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Sidney S. Hamilton,

        Plaintiff,

v.

        Case No. 2:07cv979
        JUDGE SMITH
        Magistrate Judge King

Reginald Wilkinson, *et al.*,

        Defendants.

## ORDER

Plaintiff, Sidney S. Hamilton ("Plaintiff"), who is proceeding *pro se*, brings this action against several employees of the State of Ohio Department of Rehabilitation and Correction and its Ohio Adult Parole Authority (collectively "Defendants"), alleging various violations of his civil rights and seeking declaratory, injunctive and monetary relief.  Pursuant to O.R.C. § 109.361, the Ohio Attorney General ("OAG") has entered an appearance in order to protect the interests of the state.  The OAG has moved for dismissal of all claims under Federal Rule of Civil Procedure 12(b)(6) (Doc. 4).  For the reasons that follow, the Court **GRANTS** the OAG's Motion to Dismiss (Doc. 4).

## I.   FACTS

Plaintiff is a parolee under the supervision of the Ohio Adult Parole Authority ("OAPA"). He was formerly a prisoner in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC").  On September 27, 2007, Plaintiff filed his Complaint alleging that OAPA and ODRC employees and former employees engaged in a "civil conspiracy" to violate his civil rights (Doc. 2).  Specifically, Plaintiff alleges he was a "wrongfully convicted convict" and that the rights of "wrongfully convicted convicts" were not adequately protected, such that his civil rights were violated.  He also claims he was falsely accused of denial of treatment due to an incorrect finding that he refused to take a polygraph test.  In addition, he contends that because he entered an "Alford Plea" in criminal court, he should have been released from parole supervision.  Finally, Plaintiff claims that the length of his parole and certain conditions of his parole are unfair.  Plaintiff is seeking declaratory judgment, injunctive relief and money damages.

On November 1, 2007, the OAG filed a motion to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 4).  The OAG argues that dismissal is appropriate for the following reasons: (1) some claims are time-barred; (2) Plaintiff waived his right to bring a § 1983 action by litigating this matter in the Ohio Court of Claims; (3) the doctrine of *res judicata* bars Plaintiff's claims; and (4) because his Complaint fails to state a claim on which relief may be granted.  (OAG's Mot. to Dis. at 3).

## II.   MOTION TO DISMISS STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept

all well-pleaded material allegations in the amended complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods.*, 705 F.2d at 155.

The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

The Federal Rules of Civil Procedure provide that a pleading for relief shall contain "a short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 12(b)(6) must be read in conjunction with Rule 8(a). 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 296 (2d ed. 1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, a court will not accept conclusions of law or unwarranted inferences of fact in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964-65 (2007).[1] A

---

[1]In this recent *Bell Atlantic Corp.* case, the United States Supreme Court rejected the language previously used by the Court in *Conley v. Gibson*, providing that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). *See Bell Atlantic Corp.*, 127 S.Ct. at 1969 (holding that the *Conley* "no set of facts" language "has earned its retirement" and "is best forgotten.").

"[p]laintiff's obligation to provide 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *LULAC v. Bredesen*, 2007 U.S. App. LEXIS 20556, at *6 (6th Cir. 2007) (*citing Twombly*, 127 S. Ct. 1964-65). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Id.* (*citing Twombly* at 1965). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Id.* (*citing Twombly* at 1969).

## III.    DISCUSSION

### A.    Statute of Limitations as a Bar to Claims

The OAG maintains that any claims raised by Plaintiff concerning his wrongful conviction, wrongful incarceration or events during his period of incarceration are barred by the statute of limitations. (OAG's Mot. to Dis. at 5).  The Court agrees.

The applicable statute of limitations for § 1983 actions against Ohio officials, based upon Ohio Revised Code § 2305.10, is two years. *See Lawson v. Shelby County*, 211 F.3d 331, 336 (6th Cir. 2000) ("The statute of limitations for federal civil rights claims is the appropriate state statute of limitations.") (citations omitted).  The two-year period "starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McNamara v. City of Rittman*, 473 F.3d 633, 639 (6th Cir. 2007) (*citing Kuhnle Bros. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997).  A statute of limitations bars claims for declaratory relief to the same extent it bars damages claims. *International Assoc. of Machinists v. Tennessee Valley Authority*, 108 F.3d 658, 667-68 (6th Cir. 1997).

Plaintiff was released from prison and handed over to OAPA supervision on February 26, 2004. The instant lawsuit was filed more than two years after Plaintiff's release. Consequently, any of Plaintiff's claims concerning his wrongful conviction, wrongful incarceration or events during his period of incarceration are barred by the statute of limitations.

**B.      Lawsuit in Ohio Court of Claims as a Bar to Claims**

The OAG contends that Plaintiff waived any right to file the instant action in federal court by filing suit in the Ohio Court of Claims, alleging the same claims. (OAG's Mot. to Dis. at 5). Again, this Court agrees.

Ohio Revised Code § 2743.02(A)(1) provides in part:

* * *

Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code .

* * *

Both the Sixth Circuit and this Court have held that this waiver provision precludes federal § 1983 actions based upon the same acts or omissions asserted in a court of claims. *Leaman v. Ohio Dept. of Mental Rehabilitation and Developmental Disabilities*, 620 F.Supp. 783 (S.D. Ohio 1985), *aff'd en. banc.* 825 F.2d 946 (6th Cir. 1987).

On December 6, 2005, prior to filing the instant action, Plaintiff filed suit against most of the same defendants on most of the same claims in the Ohio Court of Claims in a case styled *Sydney S. Hamilton v. Ohio Department of Rehabilitation and Correction and Ohio Adult Parole Authority*, Case No. 200511221. On August 9, 2006, the Ohio Court of Claims granted the Defendants' motion for summary judgment. On May 1, 2007, the Ohio Tenth District Court of Appeals upheld the Court

of Claims' entry of Judgment for Defendants.  Finally, on August 29, 2007, the Ohio Supreme Court

declined to exercise jurisdiction.

By suing the same defendants and asserting the same claims in the Ohio Court of Claims,

Plaintiff waived any right he may have had to bring the instant action in federal court.  Accordingly,

dismissal of Plaintiff's case is appropriate.

**C.      Doctrine of *Res Judicata* as Bar to Claims**

As an alternative basis for dismissal, the OAG argues that the doctrine of *res judicata* bars

Plaintiff's claims. (OAG's Mot. to Dis. at 6-7).  Having determined that Plaintiff's claims are barred

by the applicable statute of limitations and by O.R.C. § 2743.02(A)(1), however, the Court finds it

unnecessary to address the OAG's *res judicata* arguments.

## IV.  DISPOSITION

For all of the foregoing reasons, the Court **GRANTS** the OAG's Motion to Dismiss (Doc.

4).

The Clerk shall remove Document 4 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

  */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**